Ricardo C. SAHAGUN, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT
Respondent.

No. 02–3058.

United States Court of Appeals,
Federal Circuit.

March 7, 2003.

Before NEWMAN, CLEVENGER, and
RADER, Circuit Judges.

PER CURIAM.

Ricardo C. Sahagun seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his petition for review of regulations of the Office of Personnel Management ("OPM"). *Ricardo C. Sahagun v. Office of Pers. Mgmt.*, No. CB1205010009–U–, 89 M.S.P.R. 2931 (M.S.P.B.2001). We *affirm*.

I

On September 9, 1993, OPM issued an initial decision denying Mr. Sahagun's request for a retirement annuity because he had never served in a position subject to the Civil Service Retirement System ("CSRS"). OPM's initial decision is not appealable to the Board; instead a person who receives an initial denial of requested benefits must seek a final reconsideration decision. It is the final reconsideration decision that is appealable to the Board. 5 C.F.R. §§ 831.109, 831.110 (2002). In order for a request for reconsideration to be effective, it must be made within 30 days from receipt of an initial decision. *Id.* § 831.109(e).

According to the record presented to this court, it appears that Mr. Sahagun did not file a timely request for reconsideration of the adverse initial decision. It does appear that he filed such a request on October 26, 1995, over three years after issuance of the initial decision. The record

also shows that OPM did not issue a final decision on the reconsideration request until April 18, 2001, when it declined the request for reconsideration on the ground that the request was not timely. Nothing in the record accounts for the nearly six-year delay by OPM in issuing a final reconsideration decision.

By letter dated December 4, 2000, Mr. Sahagun requested the Board to conduct a "regulation review." Since the record before the Board at that time did not include the existence of a reconsideration decision, the Board seems to have assumed that the December 4, 2000, letter sought to invoke its jurisdiction on grounds other than its authority to review final reconsideration decisions by OPM.

Consequently, the Board, by decision dated August 28, 2001, assumed that Mr. Sahagun invoked the Board's jurisdiction under 5 U.S.C. § 1204(f) to review rules and regulations promulgated by OPM. That statute contemplates challenges made to rules or regulations that assert invalidity of the rule or regulation on its face, when such a rule or regulation is found by the Board to require an employee to commit prohibited personnel practices, as defined in 5 U.S.C. § 2302(b).

Because the December 4, 2000, letter did not specify any particular rule or regulation that would require the commission of a prohibited personnel practice, the Board held that the record afforded it no adequate basis upon which to review the validity of a rule or regulation promulgated by OPM. In addition, the Board rejected Mr. Sahagun's request that the Board order OPM to issue him an identification card bearing his claim number, holding that such a request does not fall within the authority provided by section 2302(b).

Mr. Sahagun's petition for review to this court was snared in the mail delay occasioned by the anthrax attack on Washington, D.C. Consequently, his petition arrived untimely in this court, and although his petition was initially dismissed for failure to prosecute, by order of the court, his petition was reinstated. We have jurisdiction over the petition under 28 U.S.C. § 1295(a)(9).

II

We may not disturb the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(2000).

In his petition to this court, it is clear that Mr. Sahagun wishes to challenge the basis upon which OPM denied his annuity request in 1993. Although OPM concluded that he had never served in a position covered by CSRS, Mr. Sahagun now asserts that he enjoyed 18 years of creditable and covered service, thus qualifying him for his requested annuity. The Board, however, did not adjudicate the merits of his annuity application, presumably because no evidence of a timely reconsideration decision had been presented to it. Instead, the Board treated Mr. Sahagun's letter as a request for adjudication under section 2302(b), challenging an OPM regulation on its face for illegality on the ground that the regulation as written compels commission of prohibited personnel practices.

We agree with the Board's finding that no case has been presented under section 2302(b), for it is clear that Mr. Sahagun has presented no specific challenge to any specific rule or regulation asserting that the rule or regulation itself compels commission of prohibited personnel practices. We thus must affirm the Board's decision.